Floyd W. Beam and Elaine M. Beam
c/o 340 "Q" Street
Springfield, Oregon [97477]
(541) 726-0555

~FILED '07 FEB 15 10:07 USDC-ORE

Plaintiffs, in *pro se*


## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON

Floyd W. Beam and Elaine M. Beam,

        Plaintiffs,

   vs.

UNITED STATES GOVERNMENT *a.k.a.*,
UNITED STATES OF AMERICA, a Federal
Corporation, INTERNAL REVENUE
SERVICE OVERSIGHT BOARD *a.k.a.* the
INTERNAL REVENUE SERVICE,
DEPARTMENT OF THE TREASURY *a.k.a.*
UNITED STATES TREASURY, and the
SOCIAL SECURITY ADMINISTRATION

        Defendants.

Case No. 07-6035-TC

**COMPLAINT**

**JURY TRIAL DEMANDED**


    This is an action seeking the return of personal property unlawfully seized and taken by the

Defendants and an action seeking actual and compensatory damages for the return of personal

property illegally seized under 28 U.S.C. § 1340 via an intentional misapplication of the internal

revenue laws and an action to quiet the title of real and personal property as prescribed at 28

U.S.C. § 2410. Plaintiffs are also seeking declaratory and injunctive relief pursuant to the

Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706, 42 U.S.C. § 407 and the U.S.

Constitution, as a result of violations of Plaintiffs' constitutional rights arising under the Fourth,

Fifth, Thirteenth, Fourteenth and Sixteenth Amendments. This is a claim for relief from a procedurally invalid *Notice of Levy* issued in violation of 26 U.S.C. § 6213(a) and 42 U.S.C. § 407, *et seq.*, and other applicable law. The following claims as alleged herein give rise to the Plaintiffs' complaint as proper before this Court in seeking such relief as commanded upon the exhaustion of the administrative remedies, and are not extraordinary. Plaintiffs are seeking actual and compensatory damages for the loss incurred and the financial hardship and injuries caused by the Defendants for their intentional, reckless and willful acts.

Plaintiffs are unschooled in law and, therefore, are waived from being held to the standards of a bar attorney as stated in *Haines*: *"however inartfully plead, [pro se] must be held to a less stringent standard than formal pleadings drafted by bar-admitted attorneys and can only be dismissed for failure to state a claim if it appears beyond a doubt that the pro se litigants can prove no set of facts in support of [his] claims which would entitle him to relief."* *Haines v. Kerner*, 404 U.S. 519-521. Plaintiffs request this Court to take judicial notice of *Haines*, as such doctrines are applicable in this instant case. Plaintiffs further indulge this Court to exercise impartiality at all stages of these proceedings, applying sound legal principles and conditions precedent.

### Jurisdiction And Venue

1.    This Court has jurisdiction pursuant to Title 26 U.S.C. §§ 6335, 6502, 7402(e), 7429, 7432 and 7433; Title 28 U.S.C. § 2410 – Quiet Title; Title 28 U.S.C. § 1331 – Federal Question; Title 28 U.S.C. § 1332 – Diversity of Citizenship; 28 U.S.C. § 1340 – Internal Revenue; 28 U.S.C. § 1346 – United States Defendants; 28 U.S.C. § 1367 – Supplemental Jurisdiction; 28 U.S.C. § 3002(15)(A) – United States Federal Corporation; Title 5 U.S.C. § 702; All Writs Act – 28 U.S.C. §§ 1651 and 1658; Federal Rules of Civil Procedure §§ 57

and 65; and the broad equitable powers of this Court. Other jurisdictional claims arise under the United States Constitution at Article I § 7; Amendments I, IV, V, VI, IX, XIV, and XVI; and the laws of the United States and present federal questions within this Court's jurisdiction under Article III of the United States Constitution.

2.    Venue is proper in this District pursuant to the United States Code of Judicial Procedure, 28 U.S.C. § 1391. The United States is a federal corporation created by an Act of Congress pursuant to 28 U.S.C § 3002(15)(A) and a *citizen* is defined at 28 U.S.C § 1332(c)(1) and (d). The Department of the Treasury is an agency within the meaning of 5 U.S.C § 101, creating the Internal Revenue Service as the internal affairs division within the Department. A duly authorized officer of the United States will answer on behalf of the acts committed by the corporation, its officials, officers, agents from said district. *"The United States government is a foreign corporation with respect to a state." In the Matter of Merriam*, 36 N.E. 505, 141 N.Y. 479, affirmed 16 S.Ct. 1073, 163 U.S. 625, 41 L.Ed 28720 CJS, Section 1785; also see *Penhallow v. Doane's Administrator's*; *Clearfield Trust Company v. United States*, 318 U.S. 363-371, 1942. Said corporations are prohibited from certain acts and limited to certain enumerated powers by said contract (the Constitution for the United States), which are alleged herein.

3.    The Defendants, the UNITED STATES a.k.a. UNITED STATES OF AMERICA, the DEPARTMENT OF THE TREASURY, the INTERNAL REVENUE SERVICE OVERSIGHT BOARD and the SOCIAL SECURITY ADMINISTRATION having individually and collectively participated in causing damage and harm to Plaintiffs Floyd W. Beam and Elaine M. Beam's person and property, are hereby enjoined pursuant to

Fed.R.Civ.P. – Rule 18, *in pari materia* with 28 U.S.C. § 1367 – engaging this Court's supplemental jurisdiction.

**Plaintiffs' Capacity And The Invocation Of
Jurisdiction Pursuant To The Common Law**

4.      Plaintiffs Floyd W. Beam and Elaine M. Beam are presently domiciled in the geographical location identified as 340 Q Street, Springfield, Oregon, situated in these 50 United States of (North) America. Plaintiffs are, at all times mentioned herein, proceeding in the capacity and standing as a Living, Breathing, Conscious, Thinking, Flesh and Blood Sentient Human Beings, not appearing as subclass statutory persons, citizens, collective entities or otherwise, but of a superior class and authority not enjoyed by the Defendants – corporate entities void of conscience – given life and existence by their officials, officers, agents and employees. (See *Brasswell v. United States*, 487, U.S. 99 (1988) quoting *United States v. White*, 322 U.S. 694 (1944)).

5.      The Fourth, Fifth, Sixth, Seventh and Fourteenth Amendments to the Constitution secure Due Process to the American people in the course of the Common Law, which necessarily includes the right to trial by jury. (See *Wayman v. Southard*, 23 U.S. 1; 6 L. Ed. 253; 10 Wheat 1(1825)). The United States Supreme Court established: *"The Constitution is to be interpreted according to the Common Law Rules."* *Schick v. United States*, 195 U.S. 65; 24 S. Ct. 826; 49 L. Ed.99.  The Supreme Court stated further: *"It [U.S. Constitution] must be interpreted in the light of Common Law, the principles and history of which are familiarily known to the framers of the Constitution. The language of the Constitution could not be understood without reference to the Common Law."* *United States v. Wong Kim Ark*, 169 US 649; 18 S.Ct. 456. Therefore, this Court is hereby provided with notice that, as a precaution, Plaintiffs are invoking the saving to suitors clause at 28 U.S.C. § 1333(1) in order to secure

and proceed in the course of the Common Law in the event of controversy within special maritime and territorial jurisdiction of the United States.

### Defendants

6.    At all times relevant hereto the corporate citizen Defendant UNITED STATES a.k.a. UNITED STATES OF AMERICA's main office is located at 500 N. Capitol St. NW, Washington, DC 20221, which is within the jurisdiction of the Court.

7.    Defendant the INTERNAL REVENUE SERVICE OVERSIGHT BOARD's main office is located at 1500 Pennsylvania Ave NW, Washington, DC 20220.

8.    Defendant the DEPARTMENT OF THE TREASURY'S main office is located at 1500 Pennsylvania Avenue NW, Washington. DC 20220.

9.    Defendant the SOCIAL SECURITY ADMINISTRATION's office is located at 1221 Nevin Avenue, Richmond, CA 94801-3123 (P.O. Box 2000 Richmond, California 94802-1791).

### This IS NOT A Claim For A Refund But A Claim For The Return Of Personal Property Illegally Seized

10.    Plaintiffs reallege all allegations stated above, and further state and allege as follows:

11.    Plaintiffs anticipate that the Defendants will move for dismissal in a knee jerk response, alleging that this Court lacks jurisdiction, claiming the Plaintiffs did not fully pay the alleged tax, citing *Flora v. United States*, *362 U.S. 145* (1960) *80 S.Ct. 630)*, which does not apply and is *dicta* in this instant case.

12.    The Defendants never imposed a statutory tax liability against the Plaintiffs and never made an assessment. The courts have ruled: "*. . . the taxpayer must be liable for the [income] tax. Tax liability is a condition precedent to the demand. Merely demanding payment, even*

repeatedly, does not cause liability," *Boethke v. Flour Engineers & Contractors*, 713 F.2nd 1405 (1983).

13.    Title 26 of the United States Code provides that a tax "liability" is the <u>basis</u> and <u>prerequisite</u> for which an assessment is determined as defined in Treasury Regulations at 26 CFR § 301.7602-2(c)((3)(C) Tax Liability. *"A Tax Liability means the liability for any tax imposed by Title 26 of the United States Code . . ."* and Defendants failed to *impose* or make Plaintiffs liable for any tax imposed under Title 26 of the United States Code.

14.    This is <u>not</u> a complaint seeking a *"refund"*; this <u>is</u> a claim seeking the return of personal property illegally seized by the Defendants in violation of the Fourth, Fifth, Fourteenth and Sixteenth Amendments under color of law – pursuant to statutory notices served on third parties in control of Plaintiffs' personal property.

15.    The claims herein alleged are regarding the seizure and taking of personal property by the Defendants without a judicial warrant of distraint, as there is no statutory remedy at law or in equity for the Plaintiffs – only the protections afforded in the Constitution as asserted herein.

16.    Plaintiffs are <u>not</u> seeking to restrain the lawful assessment or collection of any internal revenue tax, but to dispute the unlawful seizure of personal property as a result of the intentional violations of procedural and substantive Due Process acted out by the Defendants under color of law.

17.    Defendants claim interest adverse to the Plaintiffs' labor interest in the personal property described above, but the Defendants' claim is without merit and the Defendants have no estate, title, claim, lien, or superior claim in Plaintiffs' personal property or any portion thereof. The procedural violations enumerated herein are consistent with the violations as stated throughout these causes of action.

## Factual History And Summary

18.    Plaintiffs reallege all allegations stated above, and further state and allege as follows:

19.    Two administrative "Notices of Levy on Wages, Salary, and other Income" were served

on or about June 23, 2003, or soon thereafter, by Revenue Officer SUSAN L. ANDERSON

against Floyd W. Beam in the amount of $187,439.66 for the tax periods ending 1982

through 1985 and against Floyd W. Beam and Elaine Beam in the amount of $76,534.92 for

the tax period ending 1981 that remain in effect to date.

20.    These levies were issued in direct violation of 42 U.S.C. § 407 and other statutory and

constitutional provisions as disclosed herein.

21.    On or about October 19, 2006, Plaintiffs' caused a criminal complaint to be filed with the

Department of Justice, Civil Rights Division regarding the illegal seizure of Plaintiffs' Social

Security retirement property under color of law – which has resulted in correspondence, but

no action taken to date by employees of the Department.

22.    Plaintiff Floyd W. Beam is a retired man of age and the recipient of old age Social

Security Retirement in the amount of $998.00 per month, presently being administratively

seized via a Notice of Levy at 100%, leaving the Plaintiff with Zero personal property;

23.    Plaintiff Elaine M. Beam is a retired woman of age and the recipient of old age Social

Security Retirement in the amount of $417.00 per month, presently being administratively

seized via a Notice of Levy at 100%, leaving the Plaintiff with Zero personal property.

24.    Plaintiffs Floyd W. Beam and Elaine M. Beam each received a letter dated April 26, 2006

from Defendant STEPHEN BREEN, Assistant Regional Commissioner of Defendant the

SOCIAL SECURITY ADMINISTRATION ("SSA"), indicating that he had complied with the procedurally invalid "Notices of Levy on Wages, Salary, and other Income." Defendant STEPHEN BREEN did not question the validity of said Notices of Levy, but honored them to effectively aid in the extortion of Plaintiffs Floyd W. Beam and Elaine M. Beam's property on behalf of Defendant SUSAN L. ANDERSON.

25.   Plaintiffs have effectively disputed the underlying tax liability and challenged the procedures used by the Defendants to affect the administrative, third-party seizure of their personal property, which is prohibited by the Constitution for the United States of America, Acts of Congress, the Internal Revenue Code and Code of Federal Regulations.

26.   That to the best of their knowledge, Plaintiffs are not in default, do not have a contract, agreement, or any other debt relationship with Defendants the United States, United States of America, Department of the Treasury, Treasury Department, the Internal Revenue Service or the Social Security Administration.

27.   Plaintiffs maintain that no judgment, order, waiver or stipulation exists or is known, and Plaintiffs have never been served notice of any order or decree for an amount owing or due Defendants, the United States of America, Department of the Treasury and the Internal Revenue Service.

28.   That Plaintiffs, Floyd W. Beam and Elaine M. Beam, husband and wife, have no other remedy at law to protect from Defendants' aggressive and egregious acts, as the record shows that Defendants have conspired to deprive Plaintiffs of their most fundamental rights – the use and disposal of personal property at the will of the owner.

## COUNT I.
### Notice Of Levy Issued In Violation Of 42 U.S.C. § 407

29.   Plaintiffs reallege all allegations stated above and further allege:

30.    On or about June 23, 2003 or soon thereafter, SUSAN L. ANDERSON conspired in bad

faith with intent to deprive the Plaintiffs of their constitutionally protected Rights, and did

under color of law issue two (2) procedurally invalid "Notices of Levy on Wages, Salary, and

Other Income" to the SOCIAL SECURITY ADMINISTRATION: one (1) against Plaintiff

Floyd W. Beam's Social Security Retirement (Not a Benefit – Compensation for Labor

Property forcibly held in trust) in the amount $187,439.66 for the tax years 1982 through

1985 and one (1) against Plaintiffs Floyd W. Beam and Elaine Beam's Social Security

Retirement in the amount $76,534.92 for the tax year 1981 – a direct violation of 42 U.S.C. §

407, wherein the taking of said personal property is wholly prohibited.

31.    On April 26, 2006 or soon thereafter, Defendant STEPHEN BREEN, Assistant Regional

Commissioner of Defendant the SOCIAL SECURITY ADMINISTRATION, honored the

procedurally invalid Notices of Levy on Wages, Salary, and other Income – without

questioning the validity of said Notices – which effectively aided in the extortion of Plaintiffs

Floyd W. Beam and Elaine M. Beam's property on behalf of Defendant SUSAN L.

ANDERSON.

32.    Plaintiffs rely on the protections of 42 U.S.C. § 407 providing an exemption from levy of

Social Security Retirement; and Plaintiffs have not been presented with any evidence that

their Social Security Retirement does not fall within the scope of such protections. Plaintiffs

herein refer to 42 U.S.C. § 407, *et seq.*, so stating in part:

> "**Assignment of benefits (a)** In general. "The right of any person to any future
> payment under this subchapter shall not be transferable or assignable, at law or in
> equity, and none of the moneys paid or payable or rights existing under this
> subchapter **shall be subject to execution, levy, attachment, garnishment, or
> other legal process**, or to the operation of any bankruptcy or insolvency law. **(b)**
> **Amendment of section - No other provision of law**, enacted before, on, or after
> April 20, 1983, may be construed to limit, supersede, or otherwise modify the
> provisions of this section **except to the extent that it does so by express**

**reference to this section.**" "Congress' clear and stringent interpretation of prohibitions on transfer or assignment of benefits **compel strict interpretation of that clause to prohibit voluntary as well as involuntary transfers or assignments,**" *Ellender v. Schweiker*, S.D.N.Y. 1983, 575 F.Supp. 590, appeal dismissed 781 F.2d 314.

33.    Defendants may contend that such an exemption is superceded at 26 U.S.C. § 6334 of the

Internal Revenue Code of 1954 which provides in subsection (c): "*Notwithstanding any*

*other law of the United States, no property or right to property shall be exempt from levy*

*other than the property specifically made exempt by subsection (a).*"   In as much as this

may appear to circumvent 42 U.S.C. § 407(a), by granting the IRS employees on behalf of

the Secretary the authority to levy Social Security Retirement, this clearly fails when you

read the clear language of the statute at 42 U.S.C. § 407(b) so stating in part, "*No other*

*provision of law ... may be construed to supercede or modify the provisions of this section*

*except to the extent it does so by express reference to this section*".

34.    Nowhere at 26 U.S.C. § 6334, *et seq.*, is there an "*express reference*" to section 42

U.S.C. § 407 giving the Service or any other entity the <u>authority to ignore the clear language</u>

<u>or intent of this statute's exemption</u>. "*The IRS is required to strictly comply with the*

*conditions imposed by statute in the seizure and levy process,*" stated in <u>*Goodwin v. United*</u>

<u>*States*</u>, 935 F.2d 1061 (9th Cir. 1991).

35.    Further, the term "**No other provision of law,**" [stated in 42 U.S.C. § 407 (b)] does not

mean "<u>some other provision of law</u>", as Congress is quite clear regarding the legislative

intent of this statute.

36.    Prior to STEPHEN BREEN, Assistant Regional Commissioner of Defendant the

SOCIAL SECURITY ADMINISTRATION, honoring the procedurally invalid levy, Plaintiff

Floyd W. Beam received Social Security Retirement in monthly allocations of $998.00 – personal property which is NOT a BENEFIT, but is owed to him.

37.    After the seizure, Plaintiff Floyd W. Beam's Social Security Retirement has been reduced to Zero for the month of April, 2006, and continues to be Zero until the outrageous claim of $187,439.66 is paid in full for the tax years 1982 through 1985. This loss sustained of $988.00 per month is a hardship and struggle that remains to Plaintiff's peril.

38.    After the seizure, Plaintiff Elaine M. Beam's Social Security Retirement has been reduced to Zero for the month of April, 2006 and continues to be reduced until the outrageous claim of $76,534.92 is paid in full for the tax year 1981. This loss sustained of $417.00 per month is a hardship and struggle that remains to Plaintiff's peril.

39.    As a direct and proximate result of the Defendants' illegal conduct in violation of Plaintiffs' rights under the APA, the Fourth, Fifth, Fourteenth and Sixteenth Amendments to the U.S. Constitution, Plaintiff is entitled to declaratory and injunctive relief; and Defendants should be ordered to make the Plaintiffs whole and to return the personal property seized, plus interest.

## COUNT II.
## Defendants Proceeded In Violation Of The APA And 26 U.S.C. § 6213(a)

40.    On or about June 23, 2006 or soon thereafter, the above named Defendants and SUSAN L. ANDERSON collectively conspired with intent to deprive Plaintiffs of their constitutionally protected Rights, and did in bad faith and under color of law issue two (2) procedurally invalid "Notices of Levy on Wages, Salary, and Other Income", issued against Plaintiff Floyd W. Beam in the amount of $187,439.66 for the tax years 1982 through 1985 and against Plaintiffs Floyd W. Beam and Elaine M. Beam in the amount of $76,534.92 for

the tax 1981, *failing to issue a Notice of Deficiency* (90-day letter) required by 26 U.S.C. §§ 6212(a) and 6213(a) and implementing regulations.

41.    The Defendants never issued a Notice of Deficiency via registered, certified or first class mail. Before an administrative levy on Plaintiff's personal property can be instituted, the provisions of 26 U.S.C. § 6213(a) command that a Notice of Deficiency or deficiency letter be issued, and this has never come to fruition.

42.    Defendants have, individually and collectively, usurped this Act of Congress and intentionally blocked Plaintiffs' constitutionally protected access to due process and equal protection of the law wherein she failed to allow Plaintiffs 90 days to petition tax court and effectively dispute their fictitious and unverifiable claim that has no basis of liability.

43.    As a direct and proximate result of the Defendants' failure to fully comply with 26 U.S.C. § 6213(a) and their illegal conduct in violation of Plaintiff's rights under the Administrative Procedure Act (APA), the Fourth, Fifth, Fourteenth, and Sixteenth Amendments to the Constitution for the United States of America, Plaintiff is entitled to declaratory and injunctive relief; and Defendants should be ordered to make Plaintiff whole and to pay the monetary amount of personal property illegally seized, plus interest.

## COUNT III.
## Defendants Failed To Comply With The APA And 26 U.S.C. § 6331(h)(1)

44.    Plaintiffs reallege all allegations stated above and further allege:

45.    On or about April 26, 2006 or soon thereafter, Plaintiffs Floyd W. Beam and Elaine M. Beam each received a letter from STEPHEN BREEN, Assistant Regional Commissioner of Defendant the SOCIAL SECURITY ADMINISTRATION ("SSA"), indicating compliance with the procedurally invalid "Notice of Levy on Wages, Salary, and other Income"; and that Defendant STEPHEN BREEN did not question the validity of said Notices, but honored

them, effectively *demanding amounts greater than allowed by statute or law* and specifically prohibited pursuant to 26 U.S.C. § 6331(h)(1) **which restricts the continuous administrative levy and taking of Plaintiffs' property to fifteen percent (15%)** on specific payments in the extortion of Plaintiffs' property on behalf of Defendant SUSAN L. ANDERSON.

46.    **26 U.S.C. 6331(h)(1) Continuing levy on certain payments,** subsection (1) in general: "If the Secretary approves a levy under this subsection, the effect of such levy on specified payments to or received by a taxpayer shall be continuous from the date such levy is first made until such levy is released. Notwithstanding section 6334, *such continuous levy shall attach to up to 15 percent of any specified payment due to the taxpayer.*"

47.    The Defendants have collectively violated this act of Congress causing 100% of the Plaintiffs' personal property to be seized – an amount clearly in excess of that which is prescribed by law.

48.    As a direct and proximate result of the Defendants' illegal conduct in violation of Plaintiffs' rights under the APA and the Fifth Amendment to the U.S. Constitution, Plaintiffs are entitled to declaratory and injunctive relief; and Defendants should be ordered to make Plaintiffs whole and return the amount of personal monetary property seized from Plaintiffs, plus interest.

## COUNT IV.
## Defendants Violated The APA And 26 U.S.C. § 6330(e)(1)

49.    Plaintiffs reallege all allegations stated above and further allege:

50.    On or about April 26, 2006 or soon thereafter the Defendants caused "Notices of Levy on Wages, Salary, and Other Income" against Plaintiff Floyd W. Beam in the amount of $187,439.66 for the tax years 1982 through 1985, and against Plaintiffs Floyd W. Beam and

Elaine M. Beam in the amount of $76,534.92 for tax year 1981, yet never allowed Plaintiffs

to exercise their rights to a due process hearing.

51.     Plaintiffs never received such notice as required by Section 6330(a), which provides

unambiguously that taxpayers have a "*right to a [CDP] hearing under this section before

such levy is made*". See *Lundford v. Commissioner of Internal Revenue*, 117 T.C. 183

(2001).   In 1998, Congress enacted section § 6330 to provide additional protections for

taxpayers in tax collection matters.   See Internal Revenue Service Restructuring and Reform

Act of 1998, Pub. L. 105-206, sec. 3401, 112 Stat. 685, 746.

52.     Section 6330 generally provides that the Commissioner cannot proceed with the

collection of taxes by way of a levy on a taxpayer's property until the taxpayer has been

given notice and an opportunity for a pre-levy administrative hearing by the Internal Revenue

Service Office of Appeals (Appeals) . . . If an Appeals hearing is requested, the proposed

levy action must normally be suspended during the pendency of the Appeals consideration

and any subsequent judicial review.  See sec. 6330(e)(1). *Davis v. Commissioner of Internal

Revenue*, 115 T.C. 35 (2000).

53.     Congress promulgated section 6330 to establish "*formal procedures designed to insure

due process where the IRS seeks to collect taxes by levy*," S. Rept. 105-174, at 67 (1998),

1998-3 C.B. 537, 603.  The Internal Revenue Service Restructuring and Reform Act of 1998,

Pub.  L. 105-206, sec. 3401, 112 Stat. 746, of which section 6330 was a part, fortified

taxpayer's rights mainly by the addition of new taxpayer rights.  *Its enactment followed a

year of Congressional investigations and hearings over the future of the IRS, resulting in

highly publicized criticisms of the agency's collection methods.*" *Mesa Oil, Inc. v. United

States*, 86 AFTR 2d 2000-7312, 2001-1 USTC par. 50130 (D.Colo. 2000).  Plaintiffs have

never been afforded an opportunity to request an appeal prior to the issuance of the Notice of Levy on Wages, Salary, and Other Income.

54.    As a direct and proximate result of the Defendants' illegal conduct in violation of Plaintiffs' rights under the APA and the Fifth Amendment to the U.S. Constitution, Plaintiffs are entitled to declaratory and injunctive relief; and Defendants should be ordered to make Plaintiffs whole and return the amount of personal monetary property seized from Plaintiffs, plus interest.

### Count V.
### Violations Of Plaintiffs' Rights Under APA and the Fourth Amendment

55.    Plaintiffs reallege all allegations stated above, and further state and allege as follows:

56.    Plaintiffs are entitled to the return of all personal property seized in violation of the Fourth Amendment in the amount of $28,872.63, plus interest, because at all times the above named Defendants proceeded in violation of the *Just Compensation Clause* of the Fifth Amendment, wholly ignoring the loss of life and liberty for the production of property.

57.    The just compensation received by Plaintiffs in calendar years 1981 through 1985 was to make the Plaintiffs' whole and restore the loss sustained of life and liberty for the production of said personal property excluded from gross income pursuant to 26 U.S.C. §§ 83 (a)(1) and (2), 165(a), (b) and (c)(1), 212, and 1001 *et al.*, as such property was not realized as an *excess* over the Fair Market Value of Plaintiffs' labor.

58.    As a direct and proximate result of the Defendants' failure to restore the Fair Market Value of Plaintiffs' Labor Property for the loss sustained, Defendants should be ordered to make Plaintiffs whole and return to Plaintiffs the amount of personal property illegally seized, plus interest.

**Count VI.**
## Violations of Plaintiffs' Rights Under APA And The
## Just Compensation Clause Of The Fifth Amendment

59.   Plaintiffs reallege all allegations stated above, and further state and allege as follows:

60.   The action taken, and the failure to act by the Defendants in response to Plaintiffs' demands to make them whole and allow them to restore the value of their labor without penalty for tax years 1981 through 1985, is a final agency action under the APA.

61.   The just compensation restored to Plaintiffs in calendar years 1981 through 1985 was to make Plaintiffs whole as a result of the loss sustained of Life and Liberty incurred for the production of property, as no excess over the Fair Market Value of the amount paid was realized as gross income.

62.   Defendants' seizure and taking of Plaintiffs' just compensation for tax years 1981 through 1985 by Defendants circumventing and refusing (without authority) to allow Plaintiffs equal access to the provisions of 26 U.S.C. §§ 83 (a)(1) and (2), 165(a)(b) and (c)(1), 212, and 1001 violates Plaintiffs' substantive and procedural due process rights under the Fifth Amendment and equal protection of the law under the Fourteenth Amendment to the U.S. Constitution.

63.   Defendants' seizure and taking of Plaintiffs' just compensation in calendar years 1981 through 1985 also violates Plaintiffs' rights under the *Takings Clause* of the Fifth Amendment to the U.S. Constitution.

64.   The "Takings Clause" of the Fifth Amendment provides that: "*. . . nor shall any person be deprived of life, liberty, or property . . . be taken for public use without just compensation.*" Accordingly, the Defendants have seized and are taking Plaintiffs' Labor

Property <u>for public use</u> without making Plaintiffs whole under the *Just Compensation Clause* of the Fifth Amendment.

65.　　Plaintiffs sustained a loss and deprivation of both life and liberty in exchange for such property, exerting both mental and physical labor for the production thereof. This Right of just compensation to restore the value of Plaintiffs' Labor Property is protected under the Fifth Amendment to the Constitution.

66.　　As a direct and proximate result of the Defendants' refusal to make Plaintiffs whole, in violation of Plaintiffs' rights under the APA and the Fifth Amendment to the U.S. Constitution, Plaintiffs are entitled to declaratory and injunctive relief; and Defendants should be ordered to make Plaintiffs whole and to pay Plaintiffs the amount of personal property seized, plus interest.

### Count VII.
### <u>Defendants Proceeded In Violation Of The APA And The Fourth Amendment</u>

67.　　Plaintiffs reallege all allegations stated above, and further state and allege as follows:

68.　　Plaintiffs received just compensation from employment and contracted labor as a result of the loss of life and liberty incurred for the production of real and personal property for calendar years 1981 through 1985.

69.　　Plaintiffs' just compensation was paid as to "make whole" and restore the value of their Labor as relief and was intended to compensate Plaintiffs for their loss of human capital.

70.　　Defendants' non-judicial seizure and taking of Plaintiffs' *just compensation* violates Plaintiffs' rights under the Fourth Amendment to the U.S. Constitution.

71.　　The Fourth Amendment to the Constitution states in pertinent part:

> *"The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizure, shall not be violated, and no Warrant shall issue, but upon probable cause, supported by Oath*

*or Affirmation, and particularly describing the place to be searched, and the persons or things to be seized."*

72.    As a direct and proximate result of the Defendants' illegal conduct in violation of Plaintiffs' rights under the APA and the Fourth, Fifth, Fourteenth and Sixteenth Amendments to the U.S. Constitution, Plaintiffs are entitled to declaratory and injunctive relief; and Defendants should be ordered to make Plaintiffs whole and to pay the amount of personal monetary property illegally seized, plus interest.

## Count VIII.
### Violations Of Plaintiffs' Rights Under the APA and the Sixteenth Amendment

73.    Plaintiffs reallege all allegations stated above, and further state and allege as follows:

74.    Plaintiffs received just compensation from employment and contracted labor as a result of the loss of life and liberty incurred for the production of real and personal property for calendar years 1981 through 1985.

75.    Plaintiffs' just compensation was paid as to "make whole" and restore the value of their Labor as relief and was intended to compensate Plaintiffs for their loss of human capital.

76.    Defendants' seizure and taking of Plaintiffs' just compensation in calendar years 1981 through 1985 violates Plaintiffs' rights under the Sixteenth Amendment to the U.S. Constitution.

77.    Defendants' seizure and taking of Plaintiffs' just compensation without allowing the Plaintiffs to make themselves whole in calendar years 1981 through 1985 also violates Plaintiffs' rights under the *Takings Clause* of the Fifth Amendment to the U.S. Constitution.

78.    As a direct and proximate result of the Defendants' illegal conduct in violation of Plaintiffs' rights under the APA and the Fifth and Sixteenth Amendments to the U.S. Constitution, Plaintiffs are entitled to declaratory and injunctive relief; and Defendants

should be ordered to make Plaintiffs whole and to return the personal property seized, plus interest.

**COUNT IX.**
**Violations of Plaintiffs' Rights Under the APA And**
**Article I Sec. 9 Cl. 3 and Article I Sec. 10 Cl. 1**

79.    Plaintiffs reallege all allegations stated above, and further state and allege as follows:

80.    Plaintiffs received just compensation from employment and contracted labor as a result of the loss sustained of life and liberty incurred for the production of real and personal property for calendar years 1981 through 1985.

81.    Plaintiffs' just compensation was paid as to "make whole" and restore the value of their Labor Property as restitution and was intended to compensate Plaintiffs for their loss sustained of human capital.

82.    The Defendants caused personal property in control of third parties to be seized and taken via a non-judicial statutory Form 668-W(c) Notice of Levy on Wages, Salary and Other Income, referencing Internal Revenue Code section 6331.

83.    Defendants' non-judicial seizure and taking of Plaintiffs' just compensation via the statutory Notice of Levy instrument <u>not</u> issued by a district court of the United States prior thereto acts as a Bill of Attainder in violation of Articles I Sec. 9, Cl. 3 and Article I Sec. 10 Cl. 1 to the U.S. Constitution.

84.    Plaintiffs have been administratively attacked and have been penalized, punished and suffered a loss resulting in: (1) the taking of personal property and encumbrance of real property, (2) being labeled non-filers and illegal tax protesters for exercising their First Amendment right of redress of grievance – resulting in the seizure and taking of Plaintiffs' personal Labor Property without the benefit of a judicial trial.

85.    As a direct and proximate result of the Defendants' illegal conduct in violation of

Plaintiffs' rights under the APA and the Fifth Amendment to the U.S. Constitution, Plaintiffs

are entitled to declaratory and injunctive relief; and Defendants should be ordered to make

Plaintiffs whole and return to the amount of personal monetary property seized from

Plaintiffs, plus interest.

### Count X.
### Quiet Title Action 28 U.S.C. § 2410

86.    Plaintiffs reallege all allegations stated above, and allege:

87.    On or about January 26, 2004 the Defendants did in bad faith and under color of law

intentionally and recklessly cause a procedurally invalid "Notice of Federal Tax Lien" to issue

against Plaintiffs in the amount of $80,978.19 for tax years 1982 through 1985.

88.    That on or about April 19, 2004 the Defendants caused a Notice of Federal Tax Lien to

issue for tax years 1981 and 1986 through 1992 to issue against Plaintiffs in the amount of

$162,455.82, alleging an assessment was made year ending October 2000.

89.    This action arises under the Federal Tax Lien Act of 1966 [80 Stat. 1125] and Title 28

U.S.C. § 2410; and jurisdiction is conferred upon this honorable court to determine quiet title in

state law and federal Supplemental Jurisdiction pursuant to 28 U.S.C. § 1367.

90.    The Plaintiffs are the fee simple owners of real property in the locations and descriptions

more particularly described as follows:

> 340 Q Street, Springfield, Oregon [97477] bearing a legal description of Lot Two (2),
> Block Two (2), MOUNTAIN SHADOWS, as platted and recorded in Book 50, Page 6,
> Lane County Oregon Plat Records, in Lane County, Oregon.

> And:

> 90398 Marcola Road, Springfield, Oregon [97478] bearing a legal description of:
> Beginning at point 1164.3 feet West and 30 feet North of Southeast corner of Jacob
> Halstead and wife Donation Land Claim No. 47, Section 26, Township 17 South, Range 3

West, Willamette Meridian; thence West 90.5 feet; thence North 299.61 feet; thence east 90.5 feet; thence South 299.61 feet to North line of Mohawk County Road, (Q Street) being point of beginning, in Lane County, Oregon

And:

17083 Pasadena Road, Bend Oregon [97707] bearing the assessor's property description of DESCHUTES RIVER RECREATION HOMESITES Unit 9 Part 2 Lot: 28 Block: 58

And:

17089 Pasadena Road, Bend Oregon [97707] bearing the assessor's property description of DESCHUTES RIVER RECREATION HOMESITES Unit 9 Part 2 Lot: 27 Block: 58

91.  The real property described above is in actual possession of the Plaintiffs.

92.  As indicated on the Notice of Federal Tax Lien instrument at Column (d), the Date of Assessment for tax years 1982 through 1985 is 1992 with Column (e) indicating the "Last Day for Refiling" as "N/A", implying that such Refiling date is "Non-applicable".

93.  The statutory provisions under the internal revenue laws at Title 26 U.S.C. § 6502(a)(1) provide the statute of limitations for collections after the alleged assessment shall be within 10 years of such and assessment.

94.  As indicated on the Notice of Federal Tax Lien, the Date of Assessment in Column (d) clearly indicate a dates of November 1992, making the last possible day to collect the alleged tax liability by way of a levy or by a proceeding November 2002.

95.  The Plaintiffs contend as evidenced on the administrative records that the Defendants failed to comply with the procedural requirements of 26 U.S.C. § 6212(a) and 6213(a), and never caused a Notice of Deficiency to issue for tax years 1981 through 1985, giving Plaintiffs an opportunity to petition tax court prior to issuing the Notice of Federal Tax Lien.

96. The Plaintiffs contend that the Defendants have no valid Notice of Federal Tax Lien and no authority to lien, or otherwise encumber the title to the above referenced real property by the creation and filing of the Notice of Federal Tax Lien.

97. The Plaintiff contends and provides evidence sufficient to conclude that the Defendants failed to comply with the procedural requirements of 26 U.S.C. § 6203, and never made an assessment of a tax liability for years stated herein and above prior to causing the Notice of Federal Tax Liens to issue.

98. The procedural violations enumerated herein are consistent with the violations as stated throughout these causes of action.

99. The Defendants claim some interest adverse to the Plaintiffs in the real property described above, but the Defendants' claim is without merit and the Defendants have no estate, title, claim, lien, or superior claim in the real property or any portion thereof.

100. The Plaintiffs have no plain, speedy or adequate remedy at law.

101. Plaintiffs have been and continue to be severely damaged and injured by the collusive actions of all Defendant's employees acting as financial terrorists, causing irreparable harm and injury to Plaintiff's personal property – resulting in actual, direct economic damages sustained by Plaintiff, which is the proximate cause and result of their reckless, intentional and willful actions.

### Summary, Conclusion And Remedy Sought

102. At all times this summary is incorporated by reference as to each and every cause of action and/or count as stated herein.

103. The acts of the Defendants, the UNITED STATES OF AMERICA, the INTERNAL REVENUE SERVICE OVERSIGHT BOARD and the DEPARTMENT OF THE

TREASURY, are clear violations of the Constitution for the United States of America, Acts of Congress and the United States Supreme Court as relevant to the internal revenue laws.

104.    The violations enumerated herein have severely damaged and injured Plaintiffs' personal and real property and their rights to possess and control the same – causing irreparable harm and injury that resulted in actual, direct economic damages sustained by Plaintiffs – which is the proximate cause

**WHEREFORE**, Plaintiffs Floyd W. Beam and Elaine M. Beam have been damaged by officials, officers, agents and employees of the Defendants and its agencies herein named due to their individual and collective intentional, willful and reckless acts and pray for relief as follows:

(i)    Declare that Plaintiffs are entitled to the return of all personal property seized under color of law by the Defendants for calendar years 2003 to present, plus interest and penalties.

(ii)    Declare that Plaintiffs are entitled to be made whole for any property taken for public use under the *Just Compensation Clause* of the Fifth Amendment to the Constitution, and Plaintiffs' Social Security retirement is such property.

(iii)    Order Defendants pay $55,614.00 plus interest for actual damages to make Plaintiffs whole for the unauthorized seizure of personal property belonging to Plaintiffs;

(iv)    Order Defendant pay treble damages in the amount totaling $166,842.00 for the unauthorized seizure of personal property belonging to Plaintiffs;

(v)    Award Plaintiffs declaratory relief, as appropriate;

(vi)    Award Plaintiffs preliminary and permanent injunctive relief, as appropriate;

(vii)    Order Defendants to pay Plaintiffs pre-judgment and post-judgment interest, respectively;

(viii)    Order Defendants to pay Plaintiffs reasonable statutory attorneys fees and costs;

(ix)  Award Plaintiffs relief pursuant to the Equal Access to Justice Act, including but not

limited to, an award of reasonable attorneys fees and costs; and

(x)  Any other remedy at law and in equity this Court deems just and proper.

## JURY TRIAL DEMANDED

Respectfully Submitted.

## VERIFICATION

I/We, Floyd W. Beam and Elaine M. Beam, declare under penalty of perjury pursuant to 28

U.S.C. § 1746(1), that I/we believe the above to be true and correct to the best of my/our

knowledge, understanding and belief. All Rights retained without recourse.

On this 12th day of February, 2007

Signature: _Floyd W Beam_
Floyd W. Beam
C/o 340 Q Street
Springfield, Oregon [97477]

Signature: _Elaine M Beam_
Elaine M. Beam
C/o 340 Q Street
Springfield, Oregon [97477]