KARIN J. IMMERGUT, OSB #96314
United States Attorney
District of Oregon
1000 S. W. Third Avenue, Suite 600
Portland, Oregon 97204-2024

KARI D. LARSON
Trial Attorney, Tax Division
U.S. Department of Justice
Ben Franklin Station
P.O. Box 683
Washington, D.C. 20044
(202) 307-6572
Facsimile: (202) 307-0054
kari.d.larson@usdoj.gov

Attorneys for United States of America

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**

| | |
|---|---|
| FLOYD W. BEAM and ELAINE M. BEAM, | ) |
| | ) |
| Plaintiffs, | ) Case No.: 07-6035-TC |
| | ) |
| v. | ) UNITED STATES' RESPONSE TO |
| | ) PLAINTIFFS' APPLICATIONS FOR A |
| UNITED STATES GOVERNMENT, a.k.a. | ) TEMPORARY RESTRAINING ORDER AND |
| UNITED STATES OF AMERICA, a Federal | ) AN ORDER FOR PRELIMINARY |
| | ) INJUNCTION |
| Corporation, INTERNAL REVENUE | ) |
| SERVICE OVERSIGHT BOARD, a.k.a. the | ) |
| INTERNAL REVENUE SERVICE, | ) |
| DEPARTMENT OF THE TREASURY, a.k.a. | ) |
| UNITED STATES TREASURY, and the | ) |
| SOCIAL SECURITY ADMINISTRATION | ) |
| | ) |
| Defendants. | ) |
| | ) |

The United States of America[1], by and through its undersigned counsel, submits this

---

[1] While the plaintiffs have named the Internal Revenue Service Oversight Board, a.k.a. the Internal Revenue Service and the Department of the Treasury, a.k.a. United States Treasury and the Social Security Administration as defendants in this matter, a review of the substance of

response to plaintiffs' applications for both a temporary restraining order and an order for preliminary injunction. By responding to the applications for temporary restraining order and preliminary injunction, the United States does not waive any defenses listed in Rule 12 of the Federal Rules of Civil Procedure.

## FACTS

Plaintiffs initiated this action on February 15, 2007. See Docket Entry #1. Plaintiffs filed their applications for temporary restraining order and preliminary injunction on March 14, 2007. See Docket Entries 7 and 8. As discussed herein, the United States takes exception to the allegations contained in the complaint. For the convenience of the Court, the specific facts alleged by plaintiffs and the United States own allegations of facts are addressed in each cause of action, below.

## ARGUMENT

### A. Plaintiffs' applications for temporary restraining order and preliminary injunction are facially deficient and should be stricken.

Pursuant to Rule 11(a) of Federal Rules of Civil Procedure, every pleading, written motion and other paper shall be signed by the party. Id. An unsigned paper shall be stricken unless omission of the signature is corrected promptly. Id. Neither plaintiffs' application for

---

the plaintiffs' claims reveals that they are attempting to restrain the government from levying on the property at issue. It is well established that to the extent the relief requested in a complaint, if granted, would result in a judgment that would expend itself on the public treasury or restrain the federal government from action or interfere with public administration, the suit constitutes an action against the United States. Dugan v. Rank, 372 U.S. 609, 620 (1962), citing Land v. Dollar, 330 U.S. 731 (1947). Consequently, the instant action is one against the United States because the relief sought would expend itself on the public treasury and restrain the federal government from action. Therefore, the Internal Revenue Service Oversight Board, a.k.a. the Internal Revenue Service, the Department of the Treasury, a.k.a. United States Treasury and the Social Security Administration should be dismissed as defendants.

temporary restraining order nor the application for preliminary injunction are signed or dated by either plaintiff. As such, unless plaintiffs promptly correct this deficiency, their applications should be stricken.[2]

B. <u>Legal standard for granting a preliminary injunction</u>.[3]

The traditional criteria for granting a preliminary injunction are: "(1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to the . . . [plaintiffs], (3) a balance of hardships favoring the . . . [plaintiffs], and (4) advancement of the public interest (in certain cases)." <u>Dollar Rent a Car of Washington, Inc. v. Travelers Indemnity Co.</u>, 774 F.2d 1371, 1374 (9th Cir. 1984). In the Ninth Circuit "[t]o obtain a preliminary injunction, a party must make a clear showing of either (1) a combination of probable success on the merits and possibility of irreparable injury, or (2) that its claims raise serious questions as to the merits and that the balance of hardships tips in its favor." <u>Connecticut Gen'l Life Ins. Co. v. New Images of Beverly Hills</u>, 321 F.3d 878, 881 (9th Cir. 2003)(citations omitted). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." <u>Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.</u>, 204 F.3d 867, 874 (9th Cir. 2000). "If the balance of harm tips decidely toward the . . .

---

[2] Once plaintiffs submitted the applications, regardless of signature, they certified that the their claims and/or other legal contentions were warranted by existing law, pursuant to Federal Rule of Civil Procedure 11(b)(2), which the United States maintains they are not, as discussed herein.

[3] The United States' response is to both the application for temporary restraining order and the application for preliminary injunction. Although this brief sets forth the legal standard for determining the appropriateness of an order granting preliminary injunction, the same legal standard should apply to the application for temporary restraining order and the United States makes the same arguments against a temporary restraining order.

[plaintiffs], then the . . . [plaintiffs] need not show as robust a likelihood of success on the merits as when the balance tips less decidely." Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1421 (9th Cir. 1984).

   C. Plaintiffs cannot establish probable success on the merits of their action or the possibility of irreparable injury.

    1. Plaintiffs cannot establish probable success on the merits of their action.

Plaintiffs bring ten (10) causes of action against the United States, but neither the application for a temporary restraining order not the application for preliminary injunction demonstrate plaintiffs' probable success on the merits of their action. While the United States has yet to answer in this matter, as discussed below, plaintiffs have failed to establish probable success on the merits of their action.

     a. The notice of levy was not issued in violation of 42 U.S.C. § 407.

Plaintiffs allege that 42 U.S.C. § 407 and 26 U.S.C. § 6334 forbid the levy of Social Security payments. These allegations have no merit. While it is true that 42 U.S.C. § 407(a) generally exempts Social Security benefits from levy, 42 U.S.C. § 407(b) specifically provides that this exemption may be superseded by another law by means of an "express reference" to this section. Section 6334(c) of the Internal Revenue Code contains such an "express reference" and provides that, "notwithstanding any other law of the United States (including [42 U.S.C. § 407]), no property or rights to property shall be exempt from levy other than the property specifically made exempt by [26 U.S.C. § 6334(a)]." 26 U.S.C. § 6334(c). While 26 U.S.C. § 6334(a)(11) exempts certain public assistance payments under the Social Security Act, plaintiffs are not receiving such payments according to complaint; rather, they are receiving regular retirement benefits, which are not exempt from levy pursuant to Section 6334(c). See, e.g., Overton v.

United States, 74 F. Supp.2d 1034, 1045 (D. N.M. 1999) ("General retirement benefits such as IRAs, self-employed Keough plans, thrift savings plans and Social Security benefits are not included within Section 6334(a)'s exclusive list."); Cleveland v. Secretary of Health and Human Services, No. 93-C-0994, 1993 WL 321755, *3-4 (N.D. Ill. Aug. 19, 1993) (rejecting plaintiff's claim that IRS levy on his Social Security benefits was wrongful and granting government's motion to dismiss for lack of subject matter jurisdiction). Moreover, "courts have construed the plain language of [26 U.S.C.] § 6334 literally and have refused to exempt property from IRS levy which is not specifically exempted by statute. Beam v. Internal Revenue Service, 192 F.3d 941, 944-45 (9th Cir. 1999) (citing United States v. Mitchell, 403 U.S. 190, 204-05 (1971)). As such, plaintiffs have failed to demonstrate probable success on the merits of this argument.

      b. Notices of deficiency were issued pursuant to 26 U.S.C. § 6213(a).

Plaintiffs allege that the Internal Revenue Service ("IRS") failed to issue statutory notices of deficiency ("SNOD") for the tax year ending 1981, against both plaintiffs and for the tax years 1982-1985 against Floyd W. Beam. This argument is without merit and barred by res judicata.

Plaintiffs have previously raised the SNOD argument for their 1981 joint liability in the United States Tax Court. Beam v. Commissioner of Internal Revenue, T.C. Memo 1990-304. In that case, plaintiffs argued the assessment of the 1981 deficiencies had expired before the SNOD was issued. Id. at *9. In that case, plaintiffs did not argue that they did not receive a SNOD for 1981. The Court specifically found that a SNOD was issued and/or mailed to plaintiffs on August 4, 1998. Plaintiffs received a SNOD for 1981, as evidenced by the prior action. As such, plaintiffs are barred from now asserting they did not receive a SNOD for 1981.

Plaintiff, Floyd W. Beam ("Mr. Beam") was issued SNOD regarding his outstanding

liabilities. In fact, Mr. Beam was issued two (2) SNOD regarding his tax liabilities. See Declaration of Susan L. Anderson (Anderson Decl.), Exh. 1 and 2. Id. Both of the SNOD were dated October 11, 1991. Id. One was issued for the tax years 1982, 1983 and 1984; the other was for the tax year 1985. Id. Additionally, Mr. Beam wrote the IRS regarding these liabilities, demanding a hearing. Anderson Decl. ¶3(B), Exh. 3. Finally, Mr. Beam's tax liabilities for 1982-1985 were previously considered by the United States Tax Court. Mr. Beam petitioned the United States Tax Court on January 13, 1992, regarding these liabilities. Id., Exh. 4 and 5. The United States Tax Court ruled on his petition on August 18, 1992. Id., Exh. 6. The issue of whether Mr. Beam received SNOD for these tax years has already been decided. As such, he is barred from making this claim again.

c. 26 U.S.C. § 6331(h)(1) is inapplicable.

Plaintiffs allege that the IRS's levies are in violation of 26 U.S.C. § 6331(h)(1) because the levies cause 100% of plaintiffs' social security benefits to be levied, not 15%. This argument also fails. While the IRS is levying 100% of plaintiffs' social security benefits, this is not contrary to law. Rather, this action is specifically authorized. 26 C.F.R. § 301.6334-2(c) provides:

> . . .[I]f a taxpayer has more than one source of wages, salary, or other income, the district director may elect to levy on only one or more sources while leaving other sources of income free from levy. If the wages, salary or other income that the district director leaves free from levy equal or exceed the amount to which the taxpayer is entitled as an exemption from levy under section 6334(a)(9), computed in accordance with § 301.6334-3 (and are not otherwise exempt), the district director may treat no amount of the taxpayer's wages, salary, or other income on which the district director elects to levy as exempt from levy. In such a case, the district director must notify the employer or other person upon which the levy is served that no amount of the taxpayer's wages, salary, or other income is exempt from levy. The employer or other person upon whom the levy is served may rely on such notification in paying over the amount pursuant to the

levy.

Id.; see also 26 U.S.C. §§ 6334(a)(9) and 6334(d); Melton v. Teachers Ins. & Annuity Ass'n of America, 114 F.3d 557 (5th Cir. 1997); Reid v. United States, 87 A.F.T.R.2d 2001-1042.

As discussed herein, in the analysis of irreparable injury, plaintiffs receive income in addition to their social security benefits. See infra; Anderson Decl. ¶3(D). Mr. Beam operates an insurance company out of 340 Q Street, Springfield, Oregon 97477. Id. The Beams received income from this business; the bank statements from the business indicated income ranging between $7,000 and $18,000 a month. Id.

The IRS followed the provisions of 26 C.F.R. § 301.6334-2. They determined that plaintiffs had income in addition to their social security benefits. Prior to execution of the levies, the Social Security Administration was notified that no amount of the taxpayer's wages, salary, or other income is exempt from levy. See Anderson Decl. ¶4(E), Exh. 9 and 10. Once the IRS determines a taxpayer is not entitled to an exemption pursuant to 26 U.S.C. § 6334(a)(9), the taxpayer bears the burden of proof to prove that the levied income is exempt. Melton, 114 F.3d at 559-60. Because 26 U.S.C. § 6331(h)(1) is inapplicable, plaintiffs claims under this cause of action fail.

### d. Plaintiffs received notice of their right to a collection due process hearing as required by 26 U.S.C. § 6330.

Plaintiffs allege that they did not receive a notice of their right to request a collection due process ("CDP") hearing prior to the levies. This allegation is false. On February 5, 1999, the IRS issued a Final Notice of Intent to Levy and Notice of your Right to a Hearing ("Letter 1058") to Mr. Beam regarding collection of his liabilities for 1981 through 1985, which he signed for, as evidenced by the U.S. mail return receipt. Anderson Decl. ¶3(C), Exh. 7. Mrs.

Beam was also sent a Letter 1058 regarding her liabilities for 1981.  Anderson Decl. ¶3( C).  Not only did plaintiffs receive notice of their right to a CDP hearing, they exercised their rights on February 26, 1999, when they appealed the proposed liens and levies for the tax years 1981-1992.  See Anderson Decl. ¶3(C), Exh. 9.  The IRS Office of Appeals sustained the proposed levy collection for the tax years 1981-1985.[4]  Id.

Moreover, if plaintiffs are attempting to allege that they did not receive notice of their right to a CDP hearing for the tax years 1986-1992, this claim also fails.  A Letter 1058 regarding plaintiffs 1986-1992 liabilities was issued to plaintiffs on April 17, 2001.  Anderson Decl., Exh. 11. On May 3, 2001, plaintiffs filed a request for a CDP hearing regarding proposed liens and levies for the tax years 1986-1992.[5]  Anderson Decl. ¶3(G).  On May 28, 2003, the IRS Office of Appeals sustained the determination to file NFTL and to levy for the tax years 1986-1992.  Id., Exh. 12.  Plaintiffs then appealed the IRS Office of Appeals' determination to the United States Tax Court, Docket No. 9371-02L.  Id., Exh. 13.  The United States Tax Court sustained the collection actions.  Id.  Thus, this argument also fails.

      e.   The tax levies do not violate the Fourth Amendment.

Plaintiffs allege that the tax levies violate their rights under the Fourth Amendment.  This argument fails.  The Supreme Court has noted that where the government seizes property to

---

[4] The CDP lien request did not qualify for IRS Office of Appeals consideration because the liens were filed pre-IRS Restructuring and Reform Act of 1998.  Anderson Decl., Exh. 8.

[5] As discussed in Exhibit 8 to the Anderson Decl., the assessments regarding plaintiffs' liabilities for 1986-1992 were abated for procedural reasons relating to plaintiffs' bankruptcy filing.  When the liabilities were ultimately re-assessed, plaintiffs were afforded all new procedural rights regarding these tax years.

collect delinquent taxes, the seizure, if it involves no invasion of the taxpayer's premises, does not violate the Fourth Amendment . See G.M. Leasing v. United States, 429 U.S. 338, 354 (1977); see also Hutchinson v. United States, 677 F.2d 1322 (9th Cir. 1982)(where IRS levied on taxpayer's bank accounts and committed no invasion of the taxpayer's personal effects or premises, there was no Fourth Amendment violation).  This case is no different.  The levies have been effected to collect delinquent taxes.  The levies do not involve any invasion of plaintiffs' premises.  Thus, there is no Fourth Amendment violation.  Plaintiffs cannot establish probable success on the merits of this claim.

          f. The tax levies do not constitute a taking without just compensation nor were plaintiffs denied due process.

Plaintiffs claim that the IRS levies constitute a taking of property without just compensation pursuant to the Fifth Amendment.  However, it is well established that Congress' general exercise of its taxing power does not violate the Fifth Amendment's prohibition on takings without just compensation. See Brushaber v. Union Pac. R.R. Co., 240 U.S. 1, 24-25 (1916); see also Coleman v. Commissioner, 791 F.2d 68, 70 (7th Cir. 1986). Levying of taxes does not constitute a Fifth Amendment taking unless the taxation is so "arbitrary as to constrain to the conclusion that it was not the exertion of taxation, but a confiscation of property . . . ." Brushaber, 240 U.S. at 24; see also 287 Corp. Ctr. Assocs. v. Bridgewater, 101 F.3d 320, 324 n.5 (3d Cir. 1996) (quoting same); Acker v. Commissioner, 258 F.2d 568, 574-75 (6th Cir. 1958), aff'd on other grounds Commissioner v. Acker, 361 U.S. 87 (1959) (rejecting, under Brushaber, taxpayers' argument that tax effected taking).  In this case, the taxation on plaintiffs is not arbitrary nor can it be characterized as a of confiscation of property.

Moreover, as previously discussed, plaintiffs were afforded their CDP rights, pursuant to

26 U.S.C. § 6330. As such, any argument that they did not receive due process before the levies began must fail.

        g. The tax levies do not violate the Sixteenth Amendment.

  It is unclear from the complaint how plaintiffs allege the tax levies violate the Sixteenth Amendment. Despite the muddled allegations, plaintiffs argument fails. The Sixteenth Amendment was properly ratified. The Sixteenth Amendment was ratified by forty states, including Ohio, and by proclamation issued in 1913. Shortly thereafter, two other states also ratified it. Under Article V of the Constitution, only three-fourths of the states are needed to ratify an Amendment. There were enough states ratifying the Sixteenth Amendment without Ohio to complete the number needed for ratification. See United States v. Stahl, 792 F.2d 1438, 1439 (9th Cir. 1986), cert. denied, 479 U.S. 1036 (1987).

  The Supreme Court upheld the constitutionality of the income tax laws enacted subsequent to ratification of the Sixteenth Amendment in Brushaber, supra. Since that time, the constitutionality of the federal income tax has been upheld. See e.g., C.I.R. v. Kelham, 192 F.2d 785 (9th Cir. 1951); Cook v. Spillman, 806 F.2d 948 (9th Cir. 1986); United States v. Buras, 633 F.2d 1356 (9th Cir. 1980).

  If plaintiffs are attempting to allege that the Sixteenth Amendment does not authorize a direct non-apportioned income tax on resident United States citizens and, thus, citizens are not subject to federal income tax laws, the courts have both implicitly and explicitly recognized that the Sixteenth Amendment authorized a non-apportioned direct income tax on United States citizens and that the federal tax laws as applied are thus valid. In re Becraft, 885 F.2d 547, 548 (9th Cir. 1989); see also United States v. Collins, 920 F.2d 619 (10th Cir. 1990); Lovell v. United States, 755 F.2d 517, 519 (7th Cir. 1984); Ficalora v. Commissioner, 751 F.2d 85 (2d Cir.

1984).

        h. <u>The tax levies do not constitute a bill of attainder</u>.

Plaintiffs allege that the tax levies are tantamount to a bill of attainder. This argument also fails. Current interpretation of the Bill of Attainder clause defines a bill of attainder as a legislative act which determines guilt and punishes an identifiable individual or group of individuals. <u>See</u> <u>Nixon v. Administrator of General Services</u>, 433 U.S. 425, 468, 97 S.Ct. 2777, 2802, 53 L.Ed.2d 867 (1977). However, none of these elements are present in this case. The Internal Revenue Code does not determine guilt, nor do tax laws punish. <u>See</u> <u>Cameron v. IRS</u>, 593 F. Supp. 1540, 1555-56 (D. Ind. 1984); <u>Young v. IRS</u>, 596 F. Supp. 141, 150 (D. Ind. 1984). Thus, this argument is meritless.

        i. <u>The statute of limitations has not expired on any of the tax periods alleged; thus plaintiffs attempts to bring a cause of action pursuant to 28 U.S.C. § 2410 fail</u>.

The allegations in plaintiffs' complaint are insufficient and do not conform to the requirements of 28 U.S.C. § 2410. Pursuant to 28 U.S.C. § 2410(b), "...[A]ctions or suits involving liens arising under the internal revenue laws, the complaint or pleading shall include the name and address of the taxpayer whose liability created the lien and, if a notice of tax lien was filed, the identity of the internal revenue office which filed the notice, and the date and place such notice of lien was filed." <u>Id</u>. Plaintiffs' complaint does none of these things. As such, it is deficient.

That aside, the crux of plaintiffs' allegations is that the statute of limitations to collect on the assessments discussed herein has elapsed, pursuant to 26 U.S.C. § 6502(a)(1). While 26 U.S.C. § 6502(a)(1) does provide that the statute of limitations for collection actions is ten (10) years from the date of assessment, several things can toll the statute of limitations. In this case,

several actions taken by plaintiffs tolled the statute of limitations, or Collections Statute Expiration Date ("CSED").

As previously discussed herein, plaintiffs exercised their CDP rights regarding the joint liability for 1981, Mr. Beam's liability for 1982-1985, and the joint liabilities for 1986-1992. The CDP requests played a significant role in determining what the CSED is for each tax year, as did the plaintiff bankruptcy filing. Pursuant to 26 U.S.C. § 6330(e), the CSED is tolled pending the duration of a CDP appeal, plus 90 days thereafter. Pursuant to 26 U.S.C. § 6503(b), the CSED is also tolled pending the duration of a bankruptcy proceeding, plus 180 days. Taking these events into account, the CSED has not expired for any of plaintiffs' outstanding tax liabilities.

Plaintiffs' joint 1981 liability was assessed on November 21, 1990. See Anderson Decl. ¶4(A). The CSED would have been November 21, 2000. Id. Plaintiffs filed for bankruptcy on January 11, 1993. Id. This tolled the CSED 1,683 days until the bankruptcy proceedings were closed on August 21, 1997, plus the additional 180 days. Id. Plaintiffs requested a CDP hearing on February 26, 1999. Id. This tolled the CSED 648 days until the Notice of Determination was issued on December 5, 2000, plus the additional 90 days. Id. Thus, the new CSED regarding the 1981 liabilities is January 5, 2008. Id.

Mr. Beam's liabilities for 1982-1985 were assessed on November 2, 1992. Anderson Decl. ¶4(B). The CSED would have been November 2, 2002. Id. The bankruptcy tolled the CSED for 1,683 days, plus the additional 180 days, which would have made the CSED December 9, 2007. Id. However, the CDP request also tolled the CSED 738 days. Id. Thus, the CSED for these liabilities is December 16, 2009. Id.

Plaintiffs joint liabilities for 1986-1991 were assessed on October 13, 2000. Anderson Decl. ¶4( C). The CSED would be October 13, 2010. Id. However, the CDP request of May 3, 2001, tolled the CSED until the United States Tax Court rendered a decision regarding the liabilities on May 28, 2003. Id. Adding the additional 90 day toll, pursuant to 26 U.S.C. § 6330(e), the CSED has been tolled 845 days, making the CSED February 4, 2013. Id.

Lastly, plaintiffs' liabilities for 1992 were assessed on October 9, 2000. Anderson Decl. ¶4(D). The CSED would be October 9, 2010. Id. However, plaintiffs' CDP request tolled the CSED for 845 days, making the CSED January 31, 2013. Id.

As no CSED has elapsed for any of the liabilities discussed herein, plaintiffs claims that the CSED has expired is without merit. Clearly, the IRS still has valid liens on the property described in the complaint. As such, plaintiffs claims regarding this cause of action also fail.

2. <u>Plaintiffs cannot establish the possibility of irreparable injury</u>.

Plaintiffs cannot establish probable success on the merits of their action for the reasons stated herein. Because plaintiffs have no cause of action against the United States, the levies cause no injury to plaintiffs. Even assuming, *arguendo*, that plaintiffs had a valid cause of action against the United States, which would lead to probable success on the merits, allowing the levies to continue would not pose irreparable injury to plaintiffs. Other than plaintiffs' claim that they are "in jeopardy of losing their abode and will continue [to] suffer irreparable harm"[6], there is no evidence that this is allegation is true. Plaintiffs have not demonstrated how they are in jeopardy of losing their home, or how imminent this may be, if true. In fact, the place plaintiffs

---

[6] This phrase is used in both the application for temporary restraining order as well as the application for preliminary injunction. See Application for Temporary Restraining Order at page 3, ¶7; Application for Preliminary Injunction at page 4, ¶9.

allege is their temporary place of domicile, 340 Q Street, Springfield, OR 97477, is not even their residence.  Anderson Decl. ¶¶3(D) and (F).  It is an office building.  Id. at ¶3(D).  Plaintiffs reside at: 90398 Marcola Rd., Springfield, OR 97478.  Id. at ¶3(F).  Plaintiffs own this residence free of any encumbrances, save a State of Oregon Department of Revenue tax warrant.  Id.  Additionally, as discussed above, in the analysis of plaintiff's claims regarding 26 U.S.C. §6331(h)(1), the United States believes plaintiffs have income other than their social security benefits.  As such, plaintiffs have failed to show how they will suffer irreparable injury if the tax levies continue.

> D.  <u>Plaintiffs' claims do not raise serious questions as to the merits of the case so that the balance of hardships tips in their favor</u>.

As discussed herein, plaintiffs' statutory claims fail.  Plaintiffs' remaining Constitutional arguments also fail; as demonstrated herein, these arguments are nothing but frivolous and have been summarily dismissed by numerous courts.  It is the issues and arguments that the United States makes herein, and will make in its response to the complaint, that will raise serious questions as to the merits of the action.  Because plaintiffs' claims fail, the balance of hardships does not tip in their favor and they should not be granted a temporary restraining order or an order for preliminary injunction.

## **CONCLUSION**

Plaintiffs have failed to demonstrate probable success on the merits of any of their claims, that they will suffer irreparable injury without a preliminary injunction, or that there are serious questions as to the merits of the action so the balance of hardships tips in their favor.  Therefore, the applications for both the temporary restraining order and preliminary injunction must be denied.

DATED this 26th day of March, 2007.

                        KARIN J. IMMERGUT
                        United States Attorney

                        <u>/s/ Kari D. Larson</u>
                        Trial Attorney, Tax Division
                        Civil Trial Section, Western Region
                        U.S. Department of Justice
                        Post Office Box 683
                        Ben Franklin Station
                        Washington, D.C. 20044
                        Telephone: (202) 307-6572

                        Attorneys for the United States

<u>CERTIFICATE OF SERVICE</u>

     IT IS HEREBY CERTIFIED that on March 26, 2007, I electronically filed the foregoing UNITED STATES' RESPONSE TO PLAINTIFFS' APPLICATIONS FOR TEMPORARY RESTRAINING ORDER AND ORDER FOR PRELIMINARY INJUNCTION with the Clerk of Court using the CM/ECF system. It is further certified that on the same date, I have mailed a copy of the foregoing by United States Postal Service, postage prepaid to the following non-CM/ECF participants:

    Floyd W. Beam  
    Elaine M. Beam  
    340 Q Street  
    Springfield, OR 97477

    /s/ Kari D. Larson  
    KARI D. LARSON  
    Trial Attorney, Tax Division  
    U.S. Department of Justice  
    P.O. Box 683  
    Ben Franklin Station  
    Washington, D.C. 20044  
    Telephone: (202) 514-9593

    Attorney for the United States