IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Floyd W. Beam and
Elaine M. Beam,

        Plaintiffs,

    v.

UNITED STATES GOVERNMENT,
et al.,

        Defendants.

Case No. 07-6035-TC

ORDER

Plaintiffs allege that 100% of their Social Security retirement benefits are "presently being administratively seized via" invalid "Notices of Levy on Wages, Salary and Other Income." Complaint, ¶¶ 20-24. Plaintiffs seek damages, the return of property, declaratory and injunctive relief, and to quiet title to real and personal property. Complaint at 1-2, 23-24. Plaintiffs filed applications for preliminary orders directing defendants to cease and desist taking plaintiffs' Social Security benefits, and to issue releases of the notices of levy.

## Discussion

> [A] court may grant a preliminary injunction if a plaintiff shows (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases). Alternatively, a court may grant a preliminary injunction if a plaintiff demonstrates either a combination of probable success on the merits and the possibility of irreparable harm or that serious questions are raised and the balance of hardships tips sharply in his favor.

Earth Island Institute v. United States Forest Svc., 442 F.3d 1147, 1158 (9th Cir. 2006) (internal citations and quotations omitted).

The Anti-Injunction Act provides,

> Except as provided in [26 U.S.C. §§] 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(I), 6672(c), 6694(c), 7426(a) and (b)(1), 7429(b), and 7436, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

26 U.S.C. § 7421(a). A judicial exception to the Anti-Injunction Act will apply if the plaintiffs demonstrate that the government cannot prevail on the merits and the plaintiffs will suffer irreparable injury without an injunction. Hughes v. United States, 953 F.2d 531, 535 (9th Cir. 1991).

The complaint alleges that defendants failed to mail the notices of deficiency required by 26 U.S.C. §§ 6312(a) and 6313(a). Plaintiffs' tax court petitions suggest that plaintiffs received the notices. Defs' exs. 1-3, 6; Beam v. Commissioner,

2 - ORDER

T.C. Memo. 1990-304, 1990 WL 83346. Plaintiffs provide no evidence that they did not receive the notices.

Social Security retirement benefits are not exempt from levy or subject to the limitations on continuous levy for specified payments. Overton v. United States, 74 F. Supp. 2d 1034, 1045 (D. N.M. 1999); 26 U.S.C. §§ 6331(h), 6334(a).

The complaint alleges that defendants failed to provide a pre-levy notice of plaintiffs' right to a hearing. Plaintiffs submitted no evidence to counter defendants' evidence that plaintiffs received pre-levy notice and a hearing, at their request. Defs' exs. 7, 8; Anderson Decl., ¶ 3.C. Only one notice is required for the taxable period to which the unpaid tax relates. 26 U.S.C. § 6330(a)(1).

Plaintiffs are unlikely to prevail on their constitutional claims. The notices of levy are not bills of attainder. Fry v. United States, 72 Fed. Cl. 500, 507 (2006). Government seizure of property to collect delinquent taxes generally does not violate the Fourth Amendment. Hutchinson v. United States, 677 F.2d 1322, 1328 (9th Cir. 1982). Plaintiffs' due process and equal protection claims lack merit. Brushaber v. Union Pacific R.R. Co., 240 U.S. 1, 23-25 (1916). Tax collection activities are not takings requiring payment of just compensation. Cole v. LaGrange, 113 U.S. 1, 8 (1885).

Plaintiffs fail to demonstrate a strong likelihood of

success on the merits, probable success on the merits, or the existence of serious questions. The court need not discuss plaintiffs' showing regarding the possibility of irreparable injury, the balance of hardships, or the public interest.

Conclusion

Based on the foregoing, plaintiffs' application for temporary restraining order [#7] is denied; plaintiffs' application for preliminary injunction [#8] is denied.

IT IS SO ORDERED.

DATED this 6th day of ~~May~~ June, 2007.

*Michael R. Hogan*
United States District Judge