KARIN J. IMMERGUT, OSB #96314
United States Attorney
District of Oregon
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

KARI D. LARSON
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 307-6572
Facsimile: (202) 307-0054
Kari.D.Larson@usdoj.gov

Attorneys for the United States

**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF OREGON**

| | |
|---|---|
| FLOYD W. BEAM and ELAINE M. BEAM, | ) |
| | ) |
| Plaintiffs and Counterdefendants, | ) Civil No. 07-6035-TC |
| v. | ) |
| | ) **MEMORANDUM OF POINTS AND** |
| UNITED STATES GOVERNMENT, a.k.a. | ) **AUTHORITIES IN SUPPORT OF UNITED** |
| UNITED STATES OF AMERICA, a Federal | ) **STATES' MOTION FOR SUMMARY** |
| Corporation, INTERNAL REVENUE | ) **JUDGMENT** |
| SERVICE OVERSIGHT BOARD, a.k.a. the | ) |
| INTERNAL REVENUE SERVICE, | ) |
| DEPARTMENT OF THE TREASURY, a.k.a. | ) |
| UNITED STATES TREASURY, and the | ) |
| SOCIAL SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendants, Counterclaimants and Third-Party | ) |
| Plaintiffs, | ) |
| v. | ) |
| ERIC BEAM, STATE OF OREGON, and | ) |
| FLOYD W. BEAM and ELAINE M. BEAM as | ) |
| TRUSTEES OF SUNBEAM INVESTMENT | ) |
| COMPANY, | ) |
| Third-Party Defendants. | ) |

The United States of America, by and through its undersigned counsel, respectfully

submits this memorandum in support of its Motion for Summary Judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure. In support of its motion, the United States relies upon the Declaration of Kari D. Larson and the exhibits attached thereto, the Declaration of Maureen Neal and the exhibits attached thereto, and the concise statement of facts and points and authorities set forth below.

## INTRODUCTION

Floyd W. Beam ("Mr. Beam") and Elaine M. Beam ("Mrs. Beam") (collectively, "the Beams") initiated this action seeking a Temporary Restraining Order and a Preliminary Injunction (the "complaint") against the United States. *See* Docket Entries 1, 7 and 8. The United States moved to dismiss Counts I - IX of the complaint, answered Count X of the complaint and filed counterclaims and third-party claims against the Beams, Eric Beam, the Beams' son, and Sunbeam Investment Company ("Sunbeam"). *See* Docket Entries 20 and 21. By its counterclaims and third-party claims, the United States sought to reduce to judgment various federal tax, penalty, and interest assessments against the Beams, Mr. Beam and Mrs. Beam, and to foreclose the related federal tax liens upon certain real property owned by the Beams. The Beams subsequently filed a motion to dismiss the action, which the United States opposed to the extent that the Beams were moving to dismiss the United States' counterclaims and third-party claims. *See* Docket Entries 44 and 45. The Court dismissed the Beams' complaint, leaving the United States' counterclaims and third-party claims as the remaining causes of action before the Court (the "action"). *See* Docket Entry # 46. Both the Beams and Sunbeam, the nominee and/or alter ego of the Beams, have failed to respond to the action. *See generally*, Docket. Entry of Default has been entered against Eric Beam. *See* Docket Entry # 36.

The State of Oregon has been dismissed from this action.  *See* Docket Entry # 71.  The United States has applied for Entry of Default against Sunbeam.[1/]  *See* Docket Entry # 75.  During the course of litigation, Mr. Beam passed away and Mrs. Beam was appointed the Personal Representative of the Estate of Floyd W. Beam in this action.  *See* Docket Entries 47, 48 and 49.  Thus, Mrs. Beam, individually, and as the Personal Representative of the Estate of Floyd W. Beam, and Sunbeam, despite their failure to respond to the action, are the only parties remaining in this action.

Discovery in this case having concluded, the United States submits that there are no genuine issues as to any material fact, and it is therefore entitled to judgment as a matter of law on its claims for relief.

## STATEMENT OF FACTS

This action was brought by the United States to reduce federal income tax assessments made against the Beams and to foreclose the related federal tax liens on four parcels of real property located in Lane County, Oregon, commonly known as: 340 Q Street, Springfield, Oregon ("340 Q property") and 90398 Marcola Road, Springfield, Oregon ("90398 Marcola property") and the parcels of real property located in Deschutes County, Oregon, commonly known as: 17083 Pasadena Road, Bend, Oregon ("17083 Pasadena property") and 17089 Pasadena Road, Bend, Oregon ("17089 Pasadena property") (collectively, "real properties subject of this action").  *See* Docket Entry # 20.

Floyd and Elaine Beam filed joint income tax returns for tax years 1981, 1986, 1987,

---

1/  Should the Court deem it appropriate, a default judgment in lieu of summary judgment should be entered against Eric Beam and Sunbeam determining that they have no interest in the real properties subject of this action.

1988, 1989, 1990, and 1991 and assessments of income taxes, penalties and interest were made against them in the amount of $290,962.27.  *See* Docket Entry # 20, pp. 18 - 20; *see also* Exhibits 1, 5 - 11, 33 and 36 to Declaration of Kari D. Larson ("Larson Decl.") and ¶¶ 40 - 41 to Larson Decl.  Timely notice of and demand for payment of these assessments have been made upon the Beams.  *Id*.  Despite notice and demand for payment, the Beams have neglected, failed, and/or refused to fully pay the assessed amounts.  *Id*.

Floyd Beam failed to timely file tax returns for tax years 1982, 1983, and 1984.  See Docket Entry # 20, pp. 21 - 22; *see also* Exhibits 2 - 4, 11 - 19 and 36 to Larson Decl. and ¶¶ 40 - 41 to Larson Decl.  Assessments of income taxes, penalties and interest were made against him for tax years 1982, 1983, and 1984, as well as civil penalty assessments for filing frivolous returns for tax years 1981, 1982, 1983, 1984, 1986, 1987, 1988, 1989, and 1991, which totaled $226,205.57.  *Id*.  Timely notice of and demand for payment of these assessments have been made upon Mr. Beam.  *Id*.  Despite notice and demand for payment, Mr. Beam has neglected, failed, and/or refused to fully pay the assessed amounts.  *Id*.

Penalties were assessed against Elaine Beam for filing frivolous returns for tax years 1986, 1987, 1988, 1989, and 1991 in the amount of $4,900.36.  *See* Docket Entry # 20, pp. 22 - 23; *see also* Exhibits 20 - 24 and 33 to Larson Decl. and ¶¶ 40 - 41 to Larson Decl.  Timely notice of and demand for payment of these assessments have been made upon Mrs. Beam.  *Id*.  Despite notice and demand for payment, Mrs. Beam has neglected, failed, and/or refused to fully pay the assessed amounts.  *Id*.

Mr. and Mrs. Beam, and now the Estate of Mr. Beam and Mrs. Beam, admit that they are the true owners of the real properties subject of this action.  *See* Docket Entry #1, pp. 20-21.; see

also Exhibits 33 and 36 to Larson Decl. and ¶¶ 40 - 41 of Larson Decl.

To the extent that title to the real properties subject of this action is held in the name of Sunbeam Investment Company ("Sunbeam"), it holds title as the mere nominee for, and/or alter-ego of the Beams. *See* Docket Entry # 20, pp. 12, 13, 15 - 16, 25; *see also* Exhibits 33, 35, 36 and 38 to Larson Decl. and ¶¶40 - 41 to Larson Decl.

Notices of Federal Tax Lien ("NFTL") have been filed in the Deschutes County Recorder's Office and the Lane County Recorder's Office naming Floyd W. Beam and Elaine M. Beam and Sunbeam as the nominee of Floyd and/or Elaine Beam as the taxpayers for federal income liabilities for tax years 1981, 1986, 1987, 1988, 1989, 1990 and 1991. *See* Docket Entry # 20, pp. 12 - 13 and 15, *see also* Exhibits 33, 35, 36 and 38 to Larson Decl. and ¶¶ 40 - 41 to Larson Decl.

NFTL have been filed in the Deschutes County Recorder's Office and the Lane County Recorder's Office naming Floyd W. Beam and Sunbeam as the nominee of Floyd Beam as the taxpayer for federal income liabilities for tax years 1982, 1983 and 1984. *See* Docket Entry # 20, pp. 13 - 15, *see also* Exhibits 33, 35, 36 and 38 to Larson Decl. and ¶¶ 40 - 41 to Larson Decl.

With regard to the United States' Answer, Counterclaim and Third-Party Claims, whereby the United States sought to reduce the federal income assessments against the Beams to judgment, and to foreclose the related federal tax liens on the real properties subject of this action, both the Beams and Sunbeam failed to respond. *See generally* Docket. With regard to the United States' First Request for Admissions, First Set of Interrogatories, and First Request for Production of Documents to Elaine M. Beam and Elaine M. Beam, as Representative of the

Estate of Floyd W. Beam, Mrs. Beam failed to respond, both individually, and as the Personal Representative of the Estate of Floyd W. Beam.  *See* Larson Decl. ¶¶ 40 and 41.

As of August 8, 2008, the Beams are jointly and severally liable to the United States in the amount of $368,56.56 for tax years 1981, 1986, 1987, 1988, 1989, 1990, and 1991 plus statutory interest and other statutory additions as provided by law, which continue to accrue until paid in full.  *See* Exhibits 1-7 to Declaration of Maureen Neal ("Neal Decl.").

As of August 30, 2008, the Floyd W. Beam is liable to the United States in the amount of $237,305.45 for tax years 1982, 1983, and 1984 and $7,568.91 (as of August 30, 2008) for civil penalties for tax years 1981, 1982, 1983, 1984, 1986, 1987, 1988, 1989, and 1991, plus statutory interest and other statutory additions as provided by law, which continue to accrue until paid in full.  *See* Exhibits 8 - 19 to Neal Decl.

As of August 30, 2008, the Elaine M. Beam is liable to the United States in the amount of $6,158.55 for civil penalties for tax years 1986, 1987, 1988, 1989, and 1991 plus statutory interest and other statutory additions as provided by law, which continue to accrue until paid in full.  *See* Exhibits 20-24 to Neal Decl.

Elaine M. Beam, individually, and as the Personal Representative of the Estate of Floyd W. Beam, and Sunbeam Investment Company, are the only remaining parties in this action.  *See* Docket Entries # 34, 47, 48, 70 and 71.

## ISSUES PRESENTED

1. Whether the Beams are jointly and severally indebted to the United States in the amount of $368,256.56 (as of August 8, 2008) for unpaid federal tax, penalty and interest assessments for tax years 1981, 1986, 1987, 1988, 1989, 1990 and 1991, plus statutory interest

and other statutory additions as provided by law.

2.Whether Mr. Beam is indebted to the United States in the amount of $237,305.45 (as of August 30, 2008) for unpaid federal tax, penalty and interest assessments for tax years 1982, 1983 and 1984, and $7,568.91 for civil penalties for tax years 1981, 1982, 1983, 1984, 1986, 1987, 1988, 1989 and 1991 (as of August 8, 2008), plus statutory interest and other statutory additions as provided by law.

3.Whether Mrs. Beam is indebted to the United States in the amount of $6,158.55 (as of August 8, 2008) for civil penalties for tax years 1986, 1987, 1988, 1989 and 1991, plus statutory interest and other statutory additions as provided by law, which continue to accrue until paid in full.

4.Whether the United States is entitled to foreclose the related federal tax liens against the real properties subject of this action.

## **ARGUMENT AND AUTHORITY**

**I.Summary Judgment Standard**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56.  Once the moving party establishes the absence of genuine factual issues and its entitlement to judgment as a matter of law, it is incumbent on the non-moving party "'set forth specific facts showing that there is a genuine issue for trial,' by evidence cognizable under [Fed. R. Civ. P. 56(e)]."  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-250 (1986) (citations omitted).  In this regard, Rule 56(e) of the Federal Rules of Civil Procedure provides that the

non-moving party "may not rest upon the mere allegations or denials" of his or her pleadings. *See id.* This burden is not negligible, and "'[i]f the evidence is merely colorable or is not significantly probative summary judgment may be granted." *Id.* Conclusory allegations unsupported by specific factual data are insufficient to create a triable issue of fact so as to preclude summary judgment. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

> **II.     Summary Judgment is Properly Granted to Reduce to Judgment Unpaid Federal Tax, Penalty, and Interest Assessments Against the Beams, Mr. Beam and Mrs. Beam.**

In an action to collect federal taxes, the United States bears the initial burden of proof. *See Palmer v. Internal Revenue Service*, 116 F.3d 1309, 1312 (9th Cir. 1997). That burden can be satisfied through introduction of proof of the tax assessments, which are entitled to a presumption of correctness so long as they are supported by a minimal factual foundation. *Id.*; *see also United States v. Stonehill*, 702 F.2d 1288, 1293 (9th Cir. 1983), *cert. denied*, 465 U.S. 1079 (1984).

Certificates of Assessments and Payments (Form 4340) are "routinely used to prove that assessment[s] ha[ve] in fact been made," *Rocovich v. United States*, 933 F.2d 991, 994 (Fed. Cir. 1991), and are presumptive, self-authenticating proof of a valid assessment. *See, e.g., Hughes v. United States*, 953 F.2d 531, 535 (9th Cir. 1992). Form 4340 is highly probative and, in the absence of contrary evidence, is sufficient to establish that an assessment was properly made and that notices and demand for payment were sent. *Hughes*, 953 F.2d at 535.

In this case, Certificates of Assessments and Payments for the tax years at issue are attached as Exhibits 1 through 24 to the Declaration of Kari D. Larson, submitted herewith. These Certificates establish that the tax liabilities were properly assessed against the Beams, Mr.

Beam and Mrs. Beam (26 U.S.C. §§ 6201-6203), and that the notices and demand for payment of the liabilities were properly sent (26 U.S.C. §§ 6303(a) and 6321). *See, e.g., United States v. Chila*, 871 F.2d 1015, 1017-1019. The determinations and assessments of the aforementioned tax liabilities are further supported by Mrs. Beam's failure to respond, both individually and as the Personal Representative of the Estate of Floyd W. Beam, to the United States' First Request for Admissions, attached as Exhibits 33 and 36 to the Larson Decl., submitted herewith.[2]

Exhibit 33 to the Larson Decl. is the Request for Admissions directed to Mrs. Beam, individually. *See* Exhibit 33 to Larson Decl. Exhibit 33, specifically asks Mrs. Beam to admit the following:

Request for Admission No. 69: Admit that on the dates, in the amounts, and for the tax periods set forth below, a duly authorized delegate of the Secretary of Treasury made assessments for unpaid joint federal income taxes against the Beams as follows:

---

[2] The United States submits that, pursuant to Fed. R. Civ. P. 36, the United States served its First Request for Admissions on Mrs. Beam, individually, and as the Personal Representative of the Estate of Floyd W. Beam on December 20, 2007. *See* Exhibits 33 and 36 to the Larson Decl. Mrs. Beam did not respond to the United States' First Request for Admissions. *See* Larson Decl., ¶¶ 40 and 41. Pursuant to Rule 36 of the Federal Rules of Civil Procedure, any requested matter "is admitted unless, within 30 days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter . . .." Fed. R. Civ. P. 36. In this case, more than 30 days elapsed and Mrs. Beam has not responded. Therefore, the matters contained within the United States' First Request for Admissions are admitted.

| Tax Type | Tax Period | Assessment Date | Amounts Due | Total Due |
|---|---|---|---|---|
| 1040 (Income) | 12-31-1981 | 11-02-1992 | $53,592.18 (UB)<br>$        .01 (SA) | $58,211.60 |
| 1040 (Income) | 12-31-1986 | | $ 4,619.41 (AI) | |
| 1040 (Income) | 12-31-1987 | 10-13-2000 | $20,017.00 (UB)<br>$    924.00 (SA) | $31,366.90 |
| 1040 (Income) | 12-31-1988 | | $10,425.90 (AI) | |
| 1040 (Income) | 12-31-1989 | 11-02-1992 | $37,662.00 (UB)<br>$ 1,941.00 (SA) | $59,218.47 |
| 1040 (Income) | 12-31-1990 | | $19,615.47 (AI) | |
| 1040 (Income) | 12-31-1991 | 11-02-1992 | $15,471.00 (UB)<br>$ 1,078.00 (SA)<br>$ 8,058.79 (AI) | $24,607.79 |
| | | 11-02-1992 | $30,633.00 (UB)<br>$ 2,155.00 (SA)<br>$15,970.27 (AI) | $48,788.27 |
| | | 11-02-1992 | $22,799.00 (UB)<br>$ 1,766.50 (SA)<br>$11,874.74 (AI) | $36,440.24 |
| | | 11-02-1992 | $19,718.00 (UB)<br>$ 1,801.75 (SA)<br>$10,809.25 (AI) | $32,329.00 |

**Total: $290,962.27**

UB - Unpaid Balance
SA - Statutory Additions (not yet assessed)
AI - Accrued Interest (not yet assessed)


Request for Admission No. 70: Admit that timely notice of, and demand for payment, of the assessments set forth in Request for Admission No. 69, above, have been made upon the Beams as required by Section 6303 of the Internal Revenue Code, Title 26 U.S.C.

Request for Admission No. 71:  Admit that despite notice and demand for payment of the assessments, the Beams have neglected, failed or refused to pay the federal income tax assessments against them, and, as of June 8, 2007, there remains due and owing to the United States the total sum of $290,962.27, plus statutory interest and other statutory additions as provided by law, which continue to accrue until paid in full.

Request for Admission No. 72:  Admit that you are legally indebted to the United States for the assessments described in the Request for Admission No. 69, above, plus accrued interest, penalties and other statutory additions as provided by law from the dates of assessment.

Request for Admission No. 73:  Admit that on the dates, in the amounts, and for the tax periods set forth below, a duly authorized delegate of the Secretary of Treasury made federal income tax assessments against Mrs. Beam as follows:

| Tax Type | Tax Period | Assessment Date | Amounts Due | Total Due |
| --- | --- | --- | --- | --- |
| Civil Penalty | 12-31-1986 | 11-02-1992 | $   687.69 (UB)<br>$     67.79 (AI) | $     755.48 |
| Civil Penalty | 12-31-1987 | 11-02-1992 | $ 1,000.00 (UB)<br>$      36.22 (AI) | $ 1,036.22 |
| Civil Penalty | 12-31-1988 | 11-02-1992 | $ 1,000.00 (UB)<br>$      36.22 (AI) | $ 1,036.22 |
| Civil Penalty | 12-31-1989 | 11-02-1992 | $ 1,000.00 (UB)<br>$      36.22 (AI) | $ 1,036.22 |
| Civil Penalty | 12-31-1991 | 11-02-1992 | $ 1,000.00 (UB)<br>$      36.22 (AI) | $ 1,036.22 |

**Total:$4,900.36**

UB - Unpaid Balance
AI - Accrued Interest (not yet assessed)

<u>Request for Admission No. 74</u>: Admit that timely notice of, and demand for payment of, the assessments set forth in Request for Admission No. 73, above, has been made upon Mrs. Beam as required by Section 6303 of the Internal Revenue Code, 26 U.S.C.

<u>Request for Admission No. 75</u>: Admit that despite notice and demand for payment of the assessments, Mrs. Beam has neglected, failed or refused to pay the federal income tax assessments against her, and, as of June 8, 2007, there remains due and owing to the United States the total sum of $4,900.36, plus statutory interest and other statutory additions as provided by law, which continue to accrue until paid in full.

<u>Request for Admission No. 76</u>: Admit that you are legally indebted to the United States for the assessments described in the Request for Admission No. 73, above, plus accrued interest, penalties and other statutory additions as provided by law from the dates of assessment.
*Id*.

Exhibit 36 to the Larson Decl. is the Request for Admissions directed to Mrs. Beam, as the Personal Representative of the Estate of Floyd W. Beam. *See* Exhibit 36 to Larson Decl. Exhibit 36 specifically asks Mrs. Beam to admit each of the aforementioned Requests for Admissions, with the exception of Request Nos. 73, 74, 75 and 76, which pertain to the sole liabilities of Mrs. Beam. *Compare* Exhibit 33 and Exhibit 36 of Larson Decl. Rather, Request Nos. 73, 74, 75 and 76 of Exhibit 36 pertain to the sole liabilities of Mr. Beam. *Id*.

Moreover, Mrs. Beam has never responded or filed an answer to the United States' claims. The aforementioned admissions and declaration meet and exceed the minimal

evidentiary threshold required for the presumption of correctness to attach to the Certificates of Assessments and Payments. *Palmer,* 116 F.3d at 1312; *see also Hardy v. Commissioner*, 181 F.3d 1002, 1005 (9th Cir. 1999) (IRS worksheets based on information received from taxpayer's employer and bank constituted minimal evidentiary foundation).

The burden of proof now shifts to Mrs. Beam to come forward with admissible evidence to show that the IRS's assessments of tax liabilities are somehow incorrect. *Palmer*, 116 F.3d at 1312; *Stonehill*, 702 F.2d at 1293. If she has any meritorious basis on which to oppose the United States' claim for unpaid taxes, penalties, and interest, she must provide appropriate supporting evidence in accordance with Rule 56(e) of the Federal Rules of Civil Procedure.[3/] Mrs. Beam, individually and as the Personal Representative of the Estate of Floyd W. Beam, has no such evidence. Not only has she effectively admitted that the assessments were properly made, and the amounts are due and owing, but she also has provided no defense or information averring that the Beams, Mr. Beam or Mrs. Beam are not indebted to the United States. *See* United States' Requests for Admissions, Interrogatories, and Production of Documents, Exhibits 33 - 38 to Larson Decl., respectively; Larson Decl., ¶¶ 40 and 41.[4/]

---

[3/] Of course, given the repeated failures of Mrs. Beam to properly defend in this action, any information submitted at this point would be problematic; the United States would file a motion to exclude this evidence.

[4/] In addition to the United States' First Request for Admissions to Elaine Beam, individually, and as the Personal Representative of the Estate of Floyd W. Beam, which are deemed admitted, the United States' First Set of Interrogatories to Elaine M. Beam, individually, and as the Personal Representative of the Estate of Floyd W. Beam and First Request for Production of Documents to Elaine M. Beam, individually, and as the Personal Representative of the Estate of Floyd W. Beam, were also served on December 20, 2007. In the First Set of Interrogatories and Request for Production of Documents, Mrs. Beam was asked to provide explanations and documents to support any claims or defenses averring that the Beams, Mr. Beam and Mrs. Beam were not indebted to the United States in the amounts claimed and that the

The United States asserts that, in absence of any affirmative evidence to the contrary, the Certificates of Assessments and Payments and the Beams' deemed admissions, conclusively establish, as a matter of law, the elements of the United States' claims to reduce assessments to judgment against the Beams, Mr. Beam and Mrs. Beam. Therefore, summary judgment in the amounts set forth above should be entered against the Beams, Mr. Beam and Mrs. Beam, and in favor of the United States.

### III.   The United States is Entitled to Foreclose Its Federal Tax Liens Against the Subject Property.

To facilitate collection of the Beams' tax liabilities, the United States seeks to foreclose its federal tax liens on the real properties subject of this action. Pursuant to 26 U.S.C. § 6321, the United States obtains a lien "upon all property, whether real or personal, belonging to" any taxpayer who neglects or refuses to pay taxes after notice and demand. This lien arises as of the date of assessment and continues to exist until the tax liability is extinguished. 26 U.S.C. § 6322. It is also effective against the taxpayer without the filing of a notice of lien. 26 U.S.C. § 6323(a).

As demonstrated by the Forms 4340 attached hereto, numerous federal tax assessments have been made against the Beams, Mr. Beam and Mrs. Beam during the tax years at issue in this action. Statutory tax liens arose as of the dates of the assessments and attached to all property and rights to property of the Beams, Mr. Beam and Mrs. Beam, including the real properties subject of this action. Since the Beams continue to have outstanding tax liabilities,

---

United States was not entitled to seek relief to collect the outstanding tax liabilities. *See* Exhibits 35 and 38 to Larson Decl. Mrs. Beam failed to provide responses.

those liens remain in full force and effect as of the date hereof.

The Beams admit that they are the true owners of the real properties subject of this action. In their complaint, they admit that they "are the fee simple owners of real property in the locations and descriptions more particularly described as follows", with the legal descriptions of the real properties following. *See* Docket Entry # 1, pp. 20 - 21, ¶¶ 90 - 91. Additionally, Exhibits 33 and 36 attached to the Larson Decl. specifically ask the Beams to admit the following:

Request for Admission No. 2: Admit that you and Mrs. Beam are the true owners of the 340 Q property.

Request for Admission No. 24: Admit that despite the purported transfer of title of the 90398 Marcola property to Sunbeam, via quit claim deed dated August 25, 2000, and recorded with the Lane County Recorder's Office as Document No. 2000-049348, plaintiffs are the true owners of the 90398 Marcola property.

Request for Admission No. 48: Admit that plaintiffs are the true owners of the 17089 Pasadena property.

Request for Admission No. 77: Admit that plaintiffs are true owners of the real properties subject of this action.

*Id*. The Beams failed to respond. *See* Larson Decl., ¶¶ 40 - 41.

Section 7403 of the Internal Revenue Code, 26 U.S.C., provides authority for this Court to order a judicial sale of the real properties subject of this action to satisfy the Beams' unpaid tax liabilities for the tax years at issue in this action:

> In any case where there has been a refusal or neglect to pay any
> tax or to discharge any liability in respect thereof, whether or not levy

> has been made, the Attorney General or his delegate, at the request of the Secretary, may direct a civil action to be filed in a district court of the United States to enforce the lien of the United States under this title with respect to such tax or liability or to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability.

26 U.S.C. § 7403(a). All parties "having liens upon or claiming any interest in the property involved in such action" are required to be named as defendants. 26 U.S.C. § 7403(b). For this reason, the United States named Sunbeam, Eric Beam, and the State of Oregon as third-party defendants in this proceeding. Eric Beam failed to appear of defend in this action, and the United States moved for Entry of Default on August 30, 2007. *See* Docket Entry # 34. Default was entered against Eric Beam on August 30, 2007. *See* Docket Entries 34 and 36. Pursuant to a Joint Stipulation and Order, the State of Oregon was dismissed as a third-party defendant from this action. *See* Docket Entries 70 and 71. Additionally, an application for Entry of Default has been filed against Sunbeam. *See* Docket Entry # 75. There are no other remaining parties with legal interests in the subject property.[5/] Accordingly, the Court may proceed to adjudicate the merits of the claims against the subject property, order a sale, and distribute the proceeds. 26 U.S.C. 7403(c). Here, all of the elements necessary for the Court to order a judicial sale under 26 U.S.C. § 7403 are present: (1) the Beams have refused and neglected to pay their federal tax liabilities; and (2) liens for those tax liabilities have arisen against all of their property and rights to property, including the real properties subject of this action. The real properties subject of this

---

[5/] Pursuant to the admissions in the Beam's complaint and their responses to the United States' First Request for Admissions, Sunbeam holds no right, title, or interest in any of the real properties subject of this action; the Beams have admitted that they are the true owners of the real properties subject of this action. See Docket Entries 1, 7 and 8; *see also* Exhibits 33 and 36 to Larson Decl., and ¶¶ 40 and 41 of Larson Decl.

action should be sold at auction with the proceeds to be distributed first to the allowed costs of sale and then United States. The United States will apply the sale proceeds to the balance of the Beam's unpaid tax liabilities until the funds are exhausted.

## **CONCLUSION**

The summary judgment evidence conclusively demonstrates that the Beams, jointly and severally, and Mr. Beam and Mrs. Beam, individually, are indebted to the United States for tax, interest, and penalties assessed for each of the tax years at issue in this action, plus additional statutory interest and other statutory additions as provided by law. The evidence further shows that the United States has valid liens that it is entitled to foreclose against the real properties subject of this action. Based on the foregoing, there are no genuine issues of material fact, and the United States is therefore entitled to judgment as a matter of law reducing the assessments against the Beams for the tax years at issue in this action to judgment and foreclosing its federal tax liens against the real properties subject of this action.

WHEREFORE, the United States respectfully requests that the Court grant this Motion for Summary Judgment and order any additional relief to which the United States may be entitled.

///

///

///

///

DATED this 28th day of August, 2008.

                                    KARIN J. IMMERGUT
                                    United States Attorney


                                    /s/ Kari D. Larson
                                    KARI D. LARSON
                                    Trial Attorney, Tax Division
                                    U.S. Department of Justice
                                    Post Office Box 683
                                    Ben Franklin Station
                                    Washington, D.C.  20044-0683
                                    Telephone: (202) 307-6572

CERTIFICATE OF SERVICE

     IT IS HEREBY CERTIFIED that on August 28, 2008, the foregoing MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNITED STATES' MOTION FOR SUMMARY JUDGMENT was electronically filed with the Clerk of Court using the CM/ECF system.  It is further certified that on this same date, service of the foregoing was made by depositing copies thereof in the United States mail in a postage prepaid envelope addressed to:

     Elaine M. Beam
     340 Q Street
     Springfield, OR 97477

     Sunbeam Investment Company
     c/o Elaine M. Beam, as Trustees
     340 Q Street
     Springfield, OR 97477

     /s/ Kari D. Larson
     KARI D. LARSON
     Trial Attorney, Tax Division
     U.S. Department of Justice